UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                          NO. CIV. S-04-2483 LKK/DAD

RODNEY L. CUNNINGHAM;
PAMELA L. CUNNINGHAM; and
GUILD MORTGAGE CO.,

        Defendants.

_____/

    Pending before the court is plaintiff's motion for final judgment and order of foreclosure.  The motion is currently set to be heard on the June 12, 2006 law and motion calendar.  For the reasons discussed herein, the hearing date is hereby VACATED and the motion is decided on the papers and without oral argument.

    At the outset, the court must clarify its previous order.  On March 24, 2006, the court granted plaintiff's motion for summary judgment based solely on defendants' failure to file an opposition or statement of non-opposition in accordance with Local Rule 11-110.  Upon further review, the court now recognizes that granting

1 the motion for summary judgment solely on the grounds that

2 defendants failed to oppose, was in error.  The court should have

3 reached the merits of the motion even without an opposition from

4 defendants.  For this reason, the March 24 order is amended so as

5 to address the merits of the motion for summary judgment.  As

6 explained below, the outcome is still the same: the motion for

7 summary judgment must be granted for the government.

**I.**

**FACTS & BACKGROUND**

**A.   FACTS[1]**

   The United States ("plaintiff") seeks to reduce to judgment

(or make the liens and tax liabilities enforceable) the following

matters: (1) the outstanding federal income tax liabilities, plus

penalties and interest, of Rodney L. Cunningham and Pamela L.

Cunningham ("defendants"), jointly and severally, for the 1991-1995

tax years; and (2) the outstanding federal employment related tax

liabilities, plus penalties and interest, assessed against Rodney

Cunningham involving the 1997-2000 and 2002-03 calendar years.

Plaintiff's Statement of Undisputed Facts ("SUF") 1.  Plaintiff

also seeks to foreclose its tax liens securing the outstanding

federal taxes against real property at 3730 Rodgers Avenue, Chico,

California 95928 ("subject property").  Pl.'s SUF 1.

////

   [1]   The facts are taken from plaintiff's statement of
undisputed facts.  Defendants failed to file any opposition, so
these facts are taken as undisputed.

2

1    Plaintiff has entered into stipulation with defendant Guild

2  Mortgage Company, agreeing that Guild Mortgage Company's claim

3  against the subject property through its deed of trust is senior

4  to plaintiff's claim against the subject property.  Pl.'s SUF 2.

5    Based on Internal Revenue Service assessments, defendants owe,

6  jointly and severally, the sum of $140,683.72 plus accrued

7  interest, penalties and other statutory additions as provided by

8  law from the date of assessment.  Pl.'s Mot. For Final J., Dec. of

9  Mike Norris.  Rodney Cunningham also owes $63,820.13 plus accrued

10  interest, penalties and other statutory additions as provided by

11  law from the date of assessment. Id.

12    The assessments made against defendants are derived from their

13  self-reported tax liabilities on their tax returns and additions

14  to their tax liabilities.[2]  Pl.'s SUF 6.  Defendants agreed to

15  these assessments pursuant to an audit examination.  Pl.'s SUF 6.

16  The only tax periods that still remain in controversy are: (1) Form

17  1040 - December 31, 1995; and (2) Form 940 - Periods ending

18  December 31, 1997-99.  Pl.'s SUF 7.

19    Defendants currently hold title to the subject property as

20  husband and wife, in joint tenancy, as proven by the Grant Deed

21  recorded with the Butte County Recorder's Office on September 6,

22  1994.  Pl.'S SUF 7.  On several different dates for several

23  _____

24    [2]  The tax periods in question are: (1) Form 1040 - Dec. 31,
   1991 - 1994; (2) Form 941 - Periods ending June 30, 1998; Sept. 30,
25  1998; Dec. 31, 1998; Sept. 30, 2002; Dec. 31, 2002; June 30, 2003;
   Sept. 30, 2003; and Dec. 31, 2003; and (3) Form 940 - Periods
26  ending Dec 31, 2000.  Statement of Undisputed Facts ("SUF") at 7.

1 different tax periods, plaintiff recorded a Refiled Notice of

2 Federal Tax Lien with the Butte County Recorder.[3]  Pl.'s SUF 7-8.

3 Lastly, plaintiff has made assessments against the defendants

4 related to their federal income tax liabilities for the 1999-2002

5 tax years, but chose not to include them in the complaint.  Pl.'s

6 SUF 9.

7 **B.   PROCEDURAL HISTORY**

8      On November 22, 2004, plaintiff brought this action, seeking

9 to establish the unpaid tax liabilities against defendants.  In

10 addition, plaintiff sought to foreclose its tax liens securing

11 these tax liabilities against the subject property.

12      Defendants filed an answer to the complaint and claimed

13 insufficient knowledge as to some tax periods and several

14 affirmative defenses, including expiration of statute of

15 limitations for collection of tax liabilities, doctrine of laches,

16 and setoff.  Defs.' Answer at 1-2.

17      On July 27, 2005, plaintiff served defendants its first

18 request for admissions, first set of interrogatories, and first

19 request for the production of documents. Pl.'s SUF 8.  Plaintiff

20 then gave defendants an extension of time, up to September 9, 2005,

21 to respond to its discovery requests.  Pl.'s SUF 8.  Plaintiff's

22 first request for admissions included requests that the defendants

23 admit that they were liable for the assessments made against them

24 for the tax periods at issue, plus accrued interest, penalties, and

25

26      [3]  The exact dates and tax periods can be found on page 7 of plaintiff's SUF.

1 other statutory additions.  Pl.'s SUF 9.  Defendants failed to

2 reply to any of the discovery requests.  Pl.'s SUF 9.

3     On November 29, 2005, plaintiff filed a motion for summary

4 judgment, requesting adjudication that: (1) the defendants remain

5 liable to the government for the assessments made against them for

6 the tax periods at issue; (2) the government's federal income tax

7 liens attach to the subject property; and (3) the federal tax liens

8 securing these federal tax liabilities should be foreclosed against

9 the subject property.[4]

10     Defendants failed to file an opposition or statement of non-

11 opposition to the motion for summary judgment.  On February 22,

12 2006, the court ordered defendants to show cause why sanctions

13 should not be imposed for their failure to file any opposition or

14 statement of non-opposition.  The court also granted defendants

15 until March 10, 2006 to file an opposition or statement of non-

16 opposition.  Defendants yet again failed to respond to the court's

17 orders.

18     On March 24, 2006, the court granted the motion for summary

19 judgment based on defendants' failure to file an opposition or

20 statement of non-opposition in accordance with Local Rule 11-110.

21 Defendants' counsel was also sanctioned and ordered to show cause

22 why he should not be further sanctioned for his failure to respond

23 _____

24     [4]  Initially, the motion was denied as untimely.  Plaintiff
had noticed the motion for summary judgment after the law and
motion cut-off date.  On January 3, 2006, plaintiff filed a request
25 for leave to file for another motion for summary judgment.  The
request was granted, and the court ordered defendants to file an
26 opposition or statement of non-opposition by February 6, 2006.

1 to the court's February 22, 2006 order.  To date, defendants'

2 counsel has failed to respond to any of the court's orders.

3 **III.**

4 **MOTION FOR SUMMARY JUDGMENT**

5    The court's order dated March 24, 2006 is hereby AMENDED to

6 include the following language:

7 **A.   STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT THAT IS UNOPPOSED**

8    Summary judgment is appropriate when it is demonstrated that

9 there exists no genuine issue as to any material fact, and that the

10 moving party is entitled to judgment as a matter of law.  Fed. R.

11 Civ. P. 56(c); See also Adickes v. S.H. Kress & Co., 398 U.S. 144,

12 157 (1970); Secor Limited v. Cetus Corp., 51 F.3d 848, 853 (9th

13 Cir. 1995). The moving party bears the initial responsibility of

14 informing the court of the basis for its motion, and identifying

15 those portions of the record that it believes demonstrate the

16 absence of a genuine issue of material fact. Celotex Corp. v.

17 Catrett, 477 U.S. 317, 323 (1986).

18    If the moving party meets its initial responsibility, the

19 burden then shifts to the opposing party to establish that a

20 genuine issue as to any material fact actually does exist.

21 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

22 586 (1986). In attempting to establish the existence of this

23 factual dispute, the opposing party may not rely upon the denials

24 of its pleadings, but must tender evidence of specific facts in the

25 required form, in support of its contention that the dispute

26 exists.  Fed. R. Civ. P. 56(e); See Matsushita, 475 U.S. at 586

1    n.11.  The opposing party must demonstrate that the fact in

2    contention is material and that the dispute is genuine. <u>Anderson</u>

3    <u>v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

4        Summary judgment should be granted only if the moving party

5    has satisfied the Rule 56 requirements. <u>See</u> <u>Celotex</u>, 477 U.S. at

6    323.  The court <u>may not</u> grant a motion for summary judgment merely

7    because the opposing party violated a local rule by failing to file

8    an opposition or for an untimely opposition. <u>See</u> <u>Martinez v.</u>

9    <u>Stanford</u>, 232 F.3d 1178, 1182 (9th Cir. 2003) (stating "a nonmoving

10   party's failure to comply with local rules does not excuse the

11   moving party's affirmative duty under Rule 56 to demonstrate its

12   entitlement to judgment as a matter of law. . . .  Short of that,

13   we turn the summary judgment rule into a mere sanction for

14   noncompliance with local rules").  A court cannot grant a motion

15   for summary judgment solely on the grounds of non-compliance with

16   local rules alone. <u>Id</u>. at 1183. Therefore, although the pending

17   motion for summary judgment is unopposed, the court must still

18   reach the merits of the motion and may not simply grant the motion

19   for failure to oppose or for failure to file a statement of non-

20   opposition.

21   **B.    ANALYSIS**

22       As a threshold matter, the court notes that defendants failed

23   to provide any evidence of specific facts that would support any

24   contention that factual disputes remain.  Defendants have not

25   submitted any declarations, depositions, or affidavits, or any

26   other type of admissible evidence that would establish a disputed

7

1  fact.

2      It is well settled that:

3      In attempting to establish the existence of this factual
       dispute, the opposing party may not rely upon the
4      denials of its pleadings, but is required to tender
       evidence of specific facts in the form of affidavits,
5      and/or admissible discovery material, in support of its
       contention that the dispute exists.

6

7  Fed. R. Civ. P. 56(e).  Here, defendants failed to meet their Rule

8  56 burden.  For this reason, and for the reasons explained below,

9  the motion for summary judgment must be granted.

10     In an action to collect taxes, the government bears the

11 initial burden of proof. Palmer v. Internal Revenue Service, 116

12 F.3d 1309, 1312 (9th Cir. 1997).  Plaintiff seeks adjudication on

13 the following: (1) that defendants remain liable to the government

14 for the assessments made against them for the tax periods at issue;

15 (2) the government's federal income tax liens attach to the subject

16 property; and (3) the federal tax liens securing these federal tax

17 liabilities should be foreclosed against the subject property.

18 Pl.'s Mot. For Summ. J. at 4.

19     **1.  Defendants' Tax Liabilities**

20     Plaintiff maintains that the assessments made against the

21 defendants are correct for the following reasons: (1) the

22 assessments are presumptively correct; (2) defendants already admit

23 that they are indebted to the government for most of the tax

24 assessments made against them; and (3) defendants have failed to

25 respond to the government's First Request for Admissions and

26 consequently, defendants' tax liability is deemed admitted by

1  default.   Pl.'s Mot. for Summ. J. at 5.

2      Tax assessments are presumptively correct, so long as they are

3  supported by a minimal factual foundation.   See Palmer, 116 F.3d

4  at 1312.   Once the factual foundation has been made, the burden

5  shifts to the taxpayers to show that the determination is

6  incorrect.  Id.  A showing by the taxpayer that a determination is

7  arbitrary, excessive or without foundation shifts the burden of

8  proof back to the government. Id. at 1312 (citing Helvering v.

9  Taylor, 293 U.S. 507, 515-516 (1935)).

10      In the instant case, plaintiff has provided numerous

11  assessments and certificates outlining the defendants' tax

12  liability. Pl.'s Mot. for Summ. J. at 5-6. These assessments

13  provide more than minimal factual foundation for assessing

14  defendant's tax liability.   The burden then shifts to defendants

15  to establish that the assessments are incorrect.   Here, defendants

16  have failed to file any kind of opposition.   As previously noted,

17  defendants cannot rely on their pleadings to show evidence of a

18  material factual dispute.   They must tender evidence of specific

19  facts in the proper form, supporting their contention that there

20  is a material factual dispute.   Defendants have failed to tender

21  any new evidence, beyond what was contained in their answer to the

22  complaint, which is insufficient to put facts into dispute.   Even

23  when viewing the evidence in the light most favorable to

24  defendants, and drawing all reasonable inferences in favor of

25  defendants, it is clear that the assessments are presumptively

26  correct.

1      Plaintiff also points to defendants' own self-reported tax

2 liabilities on their tax returns for several years to establish

3 that defendants have already admitted liability for most of the

4 assessments.  Pl.'s Mot. for Summ. J. at 6.  Viewing this evidence

5 in a light most favorable to defendants, the court finds that the

6 defendants, at least partially, admitted some of their tax

7 liabilities.

8      Defendants also admitted to their tax liabilities when they

9 failed to respond to plaintiff's request for admissions.  Pursuant

10 to Rule 36(a) of the Federal Rules of Civil Procedure, if a party

11 fails to answer a request for admissions within 30 days, the

12 requested items are deemed admitted.  By failing to respond to

13 plaintiff's requests for admissions, defendants admit to the

14 matters contained in them by default.  Any matter thus admitted is

15 conclusively established.  Fed. R. Civ. P. 37(b); Hadley v. United

16 States, 45 F.3d 1345, 1348 (9th Cir. 1995).  Plaintiff's first

17 request for admissions included requests that the defendants admit

18 they are liable for the assessments made against them for the tax

19 periods at issue.  Defendants failed to respond, even after

20 plaintiff granted them an extension.  Pl.'s Mot. for Summ. J. at

21 7.  Thus, pursuant to Rule 36(a), defendants are deemed to have

22 admitted their tax liability.

23      **2.  Foreclosure of the Federal Tax Lien**

24      Plaintiff seeks foreclosure of the federal tax liens against

25 the subject property pursuant to 26 U.S.C. § 6321.  When a taxpayer

26 neglects or refuses to pay a federal tax liability after

10

1  assessment, notice, and demand for payment, § 6321 imposes a tax

2  lien in favor of the government for "all property and rights to

3  property, whether real or personal," belonging to the taxpayer.

4  See 26 U.S.C. § 6321; see also Drye v. United States, 528 U.S. 49,

5  55 (1999).  Plaintiff notes that defendants hold title to the

6  property at issue in the case. Pl.'s Mot. for Summ. J. at 8.

7  Plaintiff has also properly recorded tax liens in the necessary

8  county.  Id. at 8.  Plaintiff argues that the assessments against

9  defendants attach to the subject property.  Defendants have failed

10  to provide any evidence of specific facts that support any

11  contention that there is a material factual dispute as to this

12  matter.  They have failed to meet their Rule 56 burden.  Given the

13  evidence in the record, and viewing it in the light most favorable

14  to defendants, the assessments clearly attach to the subject

15  property.

16      For the above mentioned reasons, the motion for summary

17  judgment is GRANTED.

**IV.**

**MOTION FOR FINAL JUDGMENT**

20      The court, in its March 24, 2006 amended order on the motion

21  for summary judgment  determined: (1) defendants remained indebted

22  to the government for the tax periods at issue; (2) the federal tax

23  liens attached to the subject property; and (3) the federal tax

24  liens securing those federal tax liabilities should be foreclosed

25  against the subject property.  As such, plaintiff may seek relief

26  against defendants by foreclosing its tax lien against the subject

11

1   property for the tax periods at issue.  As already noted, the

2   defendants have failed to provide any reason why the subject

3   property should not be foreclosed.  Final judgment in this case is

4   proper, given all the evidence in record, the court's granting of

5   summary judgment, and defendants' complete failure to meet their

6   legal burdens.

7        For these reasons, the court orders as follows:

8        1.   The March 24, 2006 order granting summary judgment is

9   AMENDED as detailed in this order.

10       2.   Concurrently with this order, the court also issues the

11  final judgment and order of foreclosure.

12       3.   The hearing currently set for June 12, 2006 is hereby

13  VACATED.

14       IT IS SO ORDERED.

15       DATED: June 6, 2006.

         LAWRENCE K. KARLTON
16       SENIOR JUDGE
         UNITED STATES DISTRICT COURT
17

18

19

20

21

22

23

24

25

26

                              12