McGREGOR W. SCOTT
United States Attorney

PAUL S. HAM
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6421
Facsimile:  (202) 307-0054

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>RODNEY L. CUNNINGHAM, et al.,<br><br>　　　　　　Defendants. | Civil No. S-04-2483 LKK DAD<br><br>**FINAL JUDGMENT AND ORDER OF FORECLOSURE** |

UPON consideration of the United States' motion, the record contained herein, the Court's entry of summary judgment against Rodney and Pamela Cunningham, and the United States' stipulation with Guild Mortgage Company, the Court hereby enters Final Judgment against these parties pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as follows:

IT IS HEREBY ORDERED AND ADJUDGED that defendants Rodney and Pamela Cunningham, as of May 31, 2006, are indebted to the United States in the amount of $140,683.72, plus any interest and penalties accruing thereafter, for outstanding federal income tax liabilities for the 1991, 1992, 1993, 1994, and 1995 tax years.

IT IS HEREBY ORDERED AND ADJUDGED that defendant Rodney Cunningham, as of May 31, 2006, is indebted to the United States in the amount of $68,820.13, plus any interest and penalties accruing thereafter, for outstanding federal employment related tax liabilities as follows: (1) Form 941 -

1  the tax periods ending June 30, 1998; September 30, 1998; December 31, 1998; September 30, 2002;
2  December 31, 2002; June 30, 2003; September 30, 2003; and December 31, 2003; (2) Form 940 - the tax
3  periods ending December 31, 1997 through 2000; and (3) 26 U.S.C. Section 6721 penalties for the tax
4  years ending December 31, 1997, 1998, and 2000.

5  IT IS HEREBY ORDERED AND ADJUDGED that with respect to defendant Guild Mortgage
6  Company, that the proceeds from the judicial sale of the subject property shall be distributed to Guild
7  Mortgage to satisfy its deed of trust before being distributed to the United States to satisfy the federal tax
8  liabilities, as described above, owed by Rodney and Pamela Cunningham.

9  IT IS HEREBY ORDERED AND ADJUDGED that federal tax liens relating to the federal tax
10  liabilities owed by the Cunninghams, as described above, attach to real property located at 3730 Rodgers
11  Avenue, Chico, California 95928 ("subject property").  The subject property is particularly described as
12  follows:

> A PORTION OF LOTS 8 AND 9, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "MAP OF CAMPER TRACT, NEAR CHICO, BUTTE COUNTY, CALIFORNIA", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 19, 1890, IN BOOK 1 OF MAPS, AT PAGE(S) 28, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> COMMENCING AT THE SOUTHWEST CORNER OF SAID LOT 9; THENCE NORTH 71 DEG. 45' EAST ALONG THE SOUTHERLY LINE OF SAID LOT 9 AND THE NORTHERLY LINE OF ROGERS AVENUE, 412 FEET TO THE POINT OF BEGINNING; THENCE NORTH 1 DEG. 15' EAST, 279.82 FEET; THENCE NORTH 71 DEG. 45' EAST PARALLEL WITH THE SOUTHERLY LINE OF SAID LOTS 8 AND 9, 103 FEET; THENCE SOUTH 1 DEG. 15' WEST 279.82 FEET TO A POINT ON THE NORTHERLY LINE OF SAID ROGERS AVENUE; THENCE SOUTH 71 DEG. 45' WEST ALONG SAID NORTHERLY LINE, 103 FEET TO THE POINT OF BEGINNING

22  IT IS HEREBY ORDERED AND ADJUDGED that the federal tax liens are valid and subsisting;
23  that the tax liens give the United States an interest in the subject property; and that 26 U.S.C. Section
24  7403 entitles the United States to enforce those liens against the subject property in order to satisfy the
25  federal income tax liabilities owed by the Cunninghams, as described above.

26  Accordingly, and pursuant to, *inter alia*, Sections 7402(a) and 7403 of 26 U.S.C., and Sections
27  2001 and 2002 of 28 U.S.C., the federal tax liens are hereby enforced against the subject property, and all
28  improvements, buildings, and appurtenances thereon or thereto.  The Internal Revenue Service is

1   authorized and directed to offer for public sale the subject property.  This final judgment and order shall
2   act as a special writ of execution and no further orders or process from the Court shall be required.  The
3   terms and conditions of sale shall be as follows:

4       1.    The Internal Revenue Service is authorized to have free access to the subject property and
5   to take all actions necessary to preserve the subject property, including without limitation,
6   retaining a locksmith or other person to change or install locks or other security devices
7   on any part of the subject property, until the deed of the subject property is delivered to
8   the ultimate purchaser.

9       2.    The sale shall be free and clear of the interests of Rodney Cunningham, Pamela
10   Cunningham, and all other parties named in this case.

11       3.    The sale shall be subject to all laws, ordinances, and governmental regulations (including
12   building and zoning ordinances), affecting the premises, and easements and restrictions of
13   record, if any.

14       4.    The public sale of the subject property shall be held either at the courthouse of the county
15   in which the realty is located, or on the premises.

16       5.    The date and time for sale are to be announced by the Internal Revenue Service.

17       6.    Notice of the sale shall be published once a week for at least four (4) consecutive weeks
18   before the sale in at least one newspaper regularly issued and of general circulation in
19   Butte County, where the realty is situated, and at the discretion of the Internal Revenue
20   Service, by any other notice that it deems appropriate.  The notice shall contain a
21   description of the subject property and shall contain the essential terms and conditions of
22   sale in this Final Judgment and Order of Judicial Sale.

23       7.    A reasonable minimum bid shall be determined by the United States.  If the minimum bid
24   is not met or exceeded, the Internal Revenue Service may, without further permission of
25   this Court, and under the terms and conditions in this order of sale, hold a new public sale,
26   if necessary, and reduce the minimum bid.

27       8.    The successful bidder shall be required to deposit at the time of sale with the Internal
28

FINAL JUDGMENT AND
ORDER OF FORECLOSURE    - 3 -    1644874.1

1  Revenue Service a minimum of ten (10) percent of his or her bid, with the deposit to be
2  made by cashiers or certified check made payable to "United States Treasury."  Before
3  being permitted to bid at the sale, bidders shall display to the Internal Revenue Service
4  proof that they are able to comply with this requirement.  No bids will be received from
5  any person who has not presented proof that, if they are the successful bidder, they can
6  make the deposit required by this judgment.

7  9.  The balance of the purchase price for the subject property is to be paid to the Internal
8  Revenue Service by a certified or cashier's check payable to the "United States Treasury"
9  within sixty (60) days after the date the bid is accepted.  If the bidder fails to fulfill this
10 requirement, the deposit shall be forfeited and shall be applied to cover the expenses of
11 the sale, with any amount remaining to be applied to the outstanding tax liability, and the
12 subject property shall be again offered for sale under the terms and conditions of this
13 order.  The United States may bid as a creditor against its judgment without tender of
14 cash.

15 10.  The sale of the subject property shall be subject to confirmation by this Court as required
16 by Local Rule A-570.  Absent a written objection filed within three days of the sale, or the
17 purchaser's default, the sale shall stand confirmed without any action by the Court.  On
18 confirmation of the sale of the subject property, and receipt of payment in full, the Internal
19 Revenue Service shall execute and deliver a Certificate of Sale and Deed conveying the
20 subject property to the purchaser.  On confirmation of the sale, all interests in, liens
21 against, or claims to, the subject property that are held or asserted by the plaintiff or the
22 defendants in this action are discharged and extinguished.

23 11.  The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of
24 redemption.  Possession of the property sold shall be yielded to the purchaser upon the
25 production of a copy of the Certificate of Sale and deed.  If there is a refusal to so yield, a
26 Writ of Assistance may, without further notice, be issued by the Clerk of this Court to
27 compel delivery of the subject property to the purchaser.

28

FINAL JUDGMENT AND
ORDER OF FORECLOSURE                                - 4 -                                            1644874.1

12. Until the sale date, Rodney Cunningham and Pamela Cunningham shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, and fixtures) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the property. They shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so. The taxpayers and the defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction.

13. Rodney Cunningham and Pamela Cunningham, and any other persons occupying the subject property shall leave the property permanently within 30 days of the date of the Final Judgment and Order of Judicial Sale, unless the United States agrees otherwise in writing. Each shall take with them their personal property, but leave all improvements, buildings, fixtures, and appurtenances. If any person occupying the property fails or refuses to leave and vacate the property by the time specified in this order, the U.S. Marshal and his deputies and/or the Internal Revenue Service are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the subject property is deemed forfeited and abandoned. The Internal Revenue Service is authorized to remove and dispose of such personal property in whatever manner the Internal Revenue Service sees fit, including sale with the proceeds applied first to the expenses of sale and the remainder to the tax liabilities giving rise to the lien upon which foreclosure is hereby ordered.

14. After the sale is confirmed by this Court, the Internal Revenue Service shall distribute the

1           amount paid by the purchaser as follows:

2      a.    First, the Internal Revenue Service shall retain an amount sufficient to cover the expenses of the sale, including an amount sufficient to cover the expenses of any steps taken to secure or maintain the subject property pending sale and confirmation by the Court;

6      b.    Second, to all taxes unpaid and matured that are owed for real property taxes on the subject property;

8      c.    Third, to all amounts owed under the assigned deed of trust held by Guild Mortgage Company as agreed to by its stipulation with the United States; and

10    d.    Fourth, to be applied towards the Cunninghams' outstanding federal income (Form 1040) tax liabilities, plus penalties and interest, for their federal income tax liabilities, plus penalties and interest, for the 1991, 1992, 1993, 1994, and 1995, tax years and towards Rodney Cunningham's outstanding federal employment as follows: (1) Form 941 - the tax periods ending June 30, 1998; September 30, 1998; December 31, 1998; September 30, 2002; December 31, 2002; June 30, 2003; September 30, 2003; and December 31, 2003; (2) Form 940 - the tax periods ending December 31, 1997 through 2000; and (3) 26 U.S.C. Section 6721 penalties for the tax years ending December 31, 1997, 1998, and 2000.

20   ////

FINAL JUDGMENT AND
ORDER OF FORECLOSURE             - 6 -                             1644874.1

15. Any balance remaining after the above payments shall be held by the Clerk pending further order of the Court.

IT IS SO ORDERED.

Dated: June 6, 2006.

LAWRENCE K. KARLTON
UNITED STATES DISTRICT JUDGE

Submitted by:

McGREGOR W. SCOTT
United States Attorney

 /s/ - Paul Ham
PAUL S. HAM
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6421
Facsimile:  (202) 307-0054

Attorneys for the United States of America

FINAL JUDGMENT AND
ORDER OF FORECLOSURE              - 7 -                                  1644874.1